Pfeifer, J.,
dissenting.
{¶ 33} The Ohio Constitution, Article I, Section 16 states: “A1 courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay.” This court has stated, “This section of the Ohio Constitution protects the right to seek redress in Ohio’s courts when one is injured by another.” Brennaman v. R.M.I. Co., 70 Ohio St.3d 460, 466, 639 N.E.2d 425 (1994).
*99 Reinhardt Law Firm, Ltd., and John K. Reinhardt, for appellee.
Hanna, Campbell & Powell, L.L.P., Kenneth A. Calderone, and John R. Chlysta, for appellant.
Giorgianni Law, L.L.C., and Paul Giorgianni, urging affirmance for amicus curiae Ohio Association for Justice.
Green & Green Lawyers, L.P.A., and Thomas M. Green, urging reversal for amicus curiae Ohio Horseman’s Council.
{¶ 34} The majority opinion states that “Smith was injured due to an ‘inherent risk of equine activity * * ” Smith was not injured because of an inherent risk; she was injured because she went out of her way to help someone she was not obligated to help and was injured in the process. Next time, she would be well served to sit back and watch a person get trampled. The upshot of this case is to encourage people encountering a dangerous situation involving a horse to watch, rather than attempt to help. Of course, even in that situation, if the horse walked over to the person watching and kicked her, there would be no recovery because that person would be a spectator.
{¶ 35} The broad scope of R.C. 2305.321 as enacted by the General Assembly and as interpreted by this court effectively renders Article I, Section 16 toothless with respect to equine-related injuries. It is hard to envision broader immunity than that conferred by R.C. 2305.321. Even the benighted sovereign immunity has significant exceptions. R.C. 2305.321 provides blanket immunity to horse owners and, in doing so, contravenes the Ohio Constitution, Article I, Section 16. I would adopt the sound reasoning of the court of appeals. I dissent.